# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEE ANDREW PAIGE, | ) |
|       Plaintiff, | ) |
| vs. | ) CIVIL NO. 06-901-DRH |
| RICKY PERRY, *et al.*, | ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Plaintiff, currently an inmate in the Graham Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

    In this action, Plaintiff makes claims of excessive force against two officers who participated

in his arrest in 2000. These exact claims were previously raised in another case in this District, a case in which a jury found in favor of the defendants. *Paige v. Perry*, Case No. 01-cv-014-DRH (S.D. Ill., filed Jan. 5, 2001).

The claims in the instant action are clearly barred by the doctrine of *res judicata*, or claim preclusion. As the Seventh Circuit has stated,

> *[r]es judicata* bars suits where there is [1] a final judgment on the merits; [2] an identity of the issues of the lawsuit; and [3] an identity of the parties or their privies." *Hamdan v. Gonzales*, 425 F.3d 1051, 1059 (7th Cir. 2005) (internal quotation and citation omitted). *Res judicata* also bars litigation of claims that "could have been raised" in the previous litigation, but were not. *Golden v. Barenborg*, 53 F.3d 866, 869-70 (7th Cir. 1995).

*Maher v. F.D.I.C.*, 441 F.3d 522, 526 (7th Cir. 2006).

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: February 7, 2007.**

/s/   David   RHerndon
**DISTRICT JUDGE**